# Exhibit 3

1  SPENCER W. WALDRON (SBN 284029)
   swaldron@fisherphillips.com
2  JOSHUA D. KLEIN (SBN 322099)
   jdklein@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile:  (949) 851-0152

6  Attorneys for Defendant
   WALLACE LANDSCAPE INC. (erroneously sued as
7  "WALLACE COMMERCIAL LANDSCAPE")

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO - CENTRAL DISTRICT

10

11 | MCKENZIE THOMPSON, an individual,         | CASE NO.:  37-2023-00028451-CU-OE-CTL
12 |                                            | *[Unlimited Jurisdiction]*
   |              Plaintiff,                    |
13 |                                            | *Assigned for all purposes to the*
   |        v.                                  | *Honorable Gregory W Pollack, Dept. C71*
14 | WALLACE COMMERCIAL                         |
   | LANDSCAPE; and DOES 1 through 25,          | **ANSWER AND AFFIRMATIVE DEFENSES
15 | Inclusive,                                 | OF DEFENDANT, WALLACE LANDSCAPE
   |                                            | INC.**
16 |              Defendants.                   |

17                                              Complaint Filed: July 6, 2023
                                                Trial Date:      Not Set
18

19

20        Defendant, WALLACE LANDSCAPE INC. (erroneously sued as "WALLACE

21 COMMERCIAL LANDSCAPE") ("Defendant") responds to Plaintiff's unverified complaint for

22 damages (the "Complaint") as follows:

23                                    **ANSWER**

24        Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

25 Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified

26 Complaint.

27 / / /

28 / / /

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. The legal process served upon Defendant was legally insufficient in that the summons and complaint fail to name and identify the correct corporate entity.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1 and 340, subdivision (a), and California Government Code sections 12960 and 12965.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

**FIFTH AFFIRMATIVE DEFENSE**

5. If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff is estopped by her conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

**SEVENTH AFFIRMATIVE DEFENSE**

7. By her conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred under the doctrine of collateral estoppel and res judicata.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The acts of the other presently-unnamed defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or employment with this answering Defendant and without the knowledge or consent of this answering Defendant and this answering Defendant may not be held liable therefor.

**TWELFTH AFFIRMATIVE DEFENSE**

**12.** To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The alleged acts of which Plaintiff complains were based on reasonable factors other than race, color, national origin, ancestry, sex, religion, creed, gender, marital status, age, sexual orientation, or any other prohibited factor, including Plaintiff's alleged opposition to alleged sexual harassment and/or gender discrimination.

/ / /

/ / /

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Even if there was discrimination against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are barred because her perception of conduct alleged to constitute harassment was not reasonable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are barred because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiff's employment and create an abusive work environment.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff welcomed any conduct alleged to be harassing.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff's reasonable use of Defendant's procedures to prevent and/or correct the allegedly harassing behavior would have prevented all or some of the alleged harm she claims to have suffered.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff's claims are barred because the actions complained of were protected by the free speech provisions of the First Amendment to the United States Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiff did not exercise ordinary care on her own behalf, and her own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged

by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Any recovery on Plaintiff's complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. This Court lacks subject matter jurisdiction to adjudicate this action because all disputes arising out of or related to Plaintiff's employment are subject to Plaintiff's agreement to submit such disputes to binding individual contractual arbitration, and any contrary state laws operating to defeat such arbitration are preempted by the Federal Arbitration Act, 9 U.S.C. section 1, *et seq*. Defendant expressly reserves the right to enforce the arbitration agreement at a future date via motion, stipulation, or otherwise.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures, including but not limited to private arbitration.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Defendant expressly reserves the right to amend their answer and to assert additional affirmative defenses, and to supplement, alter or change their answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and upon Defendant's undertaking

of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, this answering Defendant prays as follows:

1. That Plaintiff take nothing by her complaint for damages;
2. That Plaintiff's complaint herein be dismissed in its entirety with prejudice;
3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and
4. That the court award such other and further relief as it deems appropriate.

DATE:  August 18, 2023			FISHER & PHILLIPS LLP

By: _____
SPENCER W. WALDRON
JOSHUA D. KLEIN
Attorneys for Defendant
WALLACE LANDSCAPE INC. (erroneously sued as "WALLACE COMMERCIAL LANDSCAPE")

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Orange with the law offices of Fisher & Phillips LLP and its business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below date, I served the following document(s) **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, WALLACE LANDSCAPE INC.** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Josh D. Gruenberg, Esq.<br>Pamela Vallero, Esq.<br>Rebecca A. Womelsdorf, Esq.<br>GRUENBERG LAW<br>2155 FIRST AVENUE<br>SAN DIEGO, CALIFORNIA 92101-3542 | Attorneys for Plaintiff<br>MCKENZIE THOMPSON<br><br>T: (619) 230-1234<br>F: (619) 230-1074<br>E: josh@gruenberglaw.com<br>E: pam@gruenberglaw.com<br>E: womelsdorf@gruenberglaw.com |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (949) 851-0152. The fax reported no errors. A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services LLC, whose business address is 404 W. 4th Street, Suite B, Santa Ana, CA 92701.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed August 18, 2023, at Irvine, California.

Grace Andrade
Print Name

By: _____
Signature